BABCOCK v. THE TOWNSHIP BOARD OF EQUALIZATION FOR CASS TOWNSHIP, CLAYTON COUNTY.

1. **Appeal to Supreme Court:** AMOUNT INVOLVED: JURISDICTION THE RULE. In order to deprive this court of the jurisdiction of an appeal, on the ground that the amount involved does not exceed $100, that fact must affirmatively appear from the pleadings. Code, § 3163.

2. **Form of Action:** WAIVER OF ERROR BY DEFENDANT. Where plaintiff should have sought his remedy by an appeal from the action of the board of equalization, but, instead therereof, he prosecuted his case as an original action, and defendant answered thereto as such, and made no objection to the form of the proceedings, and was defeated in the court below, *held* that it could not for the first time in this court be heard to object to the form of the proceedings.

3. **Taxation:** MONEYS AND CREDITS: WHERE TAXED: CHANGE OF OWNER'S RESIDENCE: EVIDENCE TO ESTABLISH. Moneys and credits are taxable only in the county of the owner's residence. For evidence which is held sufficient to establish the change of plaintiff's residence from the county in which he was taxed, see opinion.

*Appeal from Clayton Circuit Court.*

FRIDAY, OCTOBER 24.

THE township assessor of Cass township, in Clayton county, assessed plaintiff for taxation for the year 1883 on $10,000 of moneys and credits. Plaintiff thereupon filed his petition with the township board of equalization, asking that said assessment be stricken from the assessment list, on the ground that he was not a resident of Clayton county, and that he was not liable to taxation on said property in that county. The board of equalization refused to grant him the relief prayed, and he thereupon instituted this

suit in the circuit court, praying for the same relief on the same grounds. The action was brought and tried as an equitable action, and the circuit court rendered judgment for plaintiff as prayed, and defendants appeal.

*J. Larkin*, for appellants.

*B. W. Newberry* and *J. O. Crosby*, for appellee.

REED, J.—I. Plaintiff filed a motion in this court to dismiss the appeal, on the ground that there is no certificate of the trial judge that the case involves a question of law on which it is desirable to have the opinion of this court. As shown in the statement of the case, the assessment of which plaintiff complains was for $10,000. The question in controversy between the parties, however, is whether plaintiff is liable to be taxed in Clayton county on the property on which the assessment was made. The sum involved in the litigation, then, is the amount which would be levied as taxes on the assessment. But this amount is nowhere stated in the pleadings, nor are there any data given from which it can be determined. It does not appear, then, whether the amount involved exceeds $100 or not. Section 3163 of the Code provides that the supreme court shall have appellate jurisdiction over all judgments and decisions of all other courts of record. But it is provided by section 3173 that "no appeal shall be taken in any cause in which the amount in controversy between the parties, as shown by the pleadings, does not exceed $100, unless the trial judge shall certify that such cause involves the determination of a question of law upon which it is desirable to have the opinion of the supreme court." In determining the extent or limitation of the right of appeal to the supreme court, the two sections must be considered together. The first section is declaratory of the general rule on the subject; the other establishes an exception to that rule. The general rule is that the court

*[margin note: 1. APPEAL to supreme court: amount involved: jurisdiction the rule.]*

"has appellate jurisdiction over all judgments and decisions of all other courts of record;" but by the exception cases are excluded from the operation of the rule when "the amount in controversy between the parties, as shown by the pleadings, does not exceed $100;" and in that class of cases the court has jurisdiction only when the trial judge shall give the prescribed certificate. The court has jurisdiction, then, in every case which does not fall within the exception; and, to defeat the jurisdiction, the fact which brings the case within the exception must affirmatively appear from the pleadings. It is not shown by the pleadings in this case that it is within the exception. The motion to dismiss the appeal is therefore overruled.

II.   This action was brought and tried in the circuit court as an original action.   It is alleged in the petition that plaintiff appealed from the order of the board of equalization refusing to strike the assessment complained of from the list; and his petition to the board was introduced in evidence on the trial, but no consideration appears to have been given to the appeal. Appellants now insist that, as an appeal from the order of the board is allowed by statute, plaintiff should have been limited to this remedy, and that his original action should have been dismissed.   But, whatever the real merits of the question here urged may be, we think it very clear that defendants have waived it.   They appeared in the circuit court in obedience to an original notice, and answered plaintiff's petition, and the case was tried on its merits as an original action, without any objection on their part as to the character of the proceedings, and they cannot in this court for the first time be heard to say that the trial should have been upon the appeal, and not on the original proceedings.

2. FORM of action: waiver of error by defendant.

III.   Plaintiff was taxable on his moneys and credits in the county of his residence, and at no other place.   *Barber v.*

3. TAXATION: moneys and credits: where taxed: change of owner's residence: evidence to establish.

*Farr,* 54 Iowa, 57.   In 1880, and prior to that, he was, without any question, a resident of Clayton county, and of the township in which the assessment in question was made.   In 1877 he owned a residence in the village of Strawberry Point, in Clayton county, in which he resided with his wife. She died in that year, but he continued to keep house until 1879, when he sold his residence, and went to live with his sister in the same village.   He owned a farm in Fayette county, which was occupied by a tenant.   He continued to live with his sister at Strawberry Point until the fall of 1880, when he removed a portion of his furniture and household effects, and stored them in a room in the house on his farm, but a portion of his goods he left at the residence of his sister.   He also took his trunk and valise, containing his wearing apparel, from his sister's place, stating to his sister at the time that he was going to live with his brother, who owned and lived on a farm adjoining the one owned by him in Fayette county.   He took his trunk and valise to his brother's house, telling him and his family at the time that he had come to make his home with them.   He swears that when he left Strawberry Point on this occasion he fully intended to make his home in Fayette county.   He continued to make his home at his brother's until the summer of 1882.   He frequently returned in the meantime, however, to Strawberry Point, and on some of these occasions remained there for some time, stopping with his sister.   He and his sister were the administrators of the estate of her deceased husband, and the evidence shows that his object in going to Strawberry Point on these occasions was to give attention to the business of settling this estate.   In the summer of 1882 he left his brother's place, taking his trunk and clothing with him, and returned to his sister's house.   He remained there for some time, when he went east on a visit, and in the fall he was married, and returned to Strawberry Point with his wife, and they continued during the winter to board with his sister.

He testified, however, that it was his intention during all this time to return to Fayette county and make his home there.

On this state of facts we think it clear that plaintiff ceased to be a resident of Clayton county in the fall of 1880. He left there at that time, intending to make his home at another place, and also intending not to return again to that county to reside. From that time up to the summer of 1882 he was an actual resident of Fayette county, and his intention was to make that his home. His domicile and residence during this time were certainly in the latter county. And we think it equally clear that he has not lost his residence there. His absence from that county was temporary, and it was his intention to return there and make that his home. We think, therefore, that the case was rightly determined by the circuit court, and the judgment is

AFFIRMED.