DEMOCRAT PUBLISHING COMPANY, Appellant, v. E. LEWIS et al.

**Wrongful Selection of County Paper:** APPEAL HOW TRIED. On the trial of an appeal to the district court from a finding made by a board of supervisors on a charge of fraud against an applicant desiring to have his paper designated a county paper, *ex parte* affidavits are inadmissible. Code, 307, 2504, 2508, 2513 and 2741, construed. **(1)**

SAME: AT HEARING BEFORE BOARD. Whether such affidavits are admissible at the hearing before the board, admits of grave doubt. **(1)**

**Benefit of Suit not Considered.** The fact that the costs exceed the benefits to be realized from the litigation, can not change prescribed rules of evidence. **(3)**

**Jurisdiction on Appeal: Amount Involved.** This court has jurisdiction on appeal, unless it appears, by the pleadings, that less than one hundred dollars is involved. Code, section 3173. **(2)**

*Appeal from Lucas District Court.*—HON. H. C. TRAVERSE, Judge.

SATURDAY, FEBRUARY 3, 1894.

THE plaintiff company is the publisher of the Chariton *Democrat*, published in Lucas county. The Chariton *Patriot* and the Chariton *Herald* are also published in that county, the *Patriot* being published by the defendant Lewis. Each, under the law as to county printing, filed with the county auditor certified statements of *bona fide* subscribers, and the board of supervisors selected the *Herald* and *Patriot*, and awarded to them the printing. The plaintiff company appeal.—*Reversed.*

*J. A. Penick, C. C. Leach* and *Will H. Barger* for appellant.

*Stuart & Bartholomew* for appellees.

GRANGER, C. J.—The selection of the *Herald* as one of the papers to do the county printing is conceded to be correct, and it is not involved in the controversy. To the certified statement of subscribers, as filed by the plaintiff company, the publisher of the *Patriot* filed charges of fraud, and the board of supervisors, in its investigation of the charges, received and considered a large number of *ex parte* affidavits offered to sustain the charge of fraud. At the trial in the district court, one hundred and seventeen such affidavits were admitted in evidence, against the objection of plaintiff as incompetent, and, upon such ruling of the court, error is assigned. The following is section 307 of the Code: "The board of supervisors shall, at its January session of each year, select two newspapers published within the county, or one, if there be but one published therein, having the largest number of *bona*

*fide* yearly subscribers within the county, which circulation shall be determined as follows: In case of contest the applicants shall each deposit with the county auditor, on or before a day named by the board of supervisors, a certified statement subscribed and sworn to before some competent officer, giving the names of the several postoffices, and the number and names of the *bona fide* yearly subscribers receiving their papers through each of said offices living within the county, such statements to be in sealed envelopes and opened by the county auditor upon direction by the board of supervisors to do so; and the two applicants thus showing the greatest number of *bona fide* yearly subscribers living within the county shall be the county official papers, in which all the proceedings of the county board of supervisors * * * shall be published, at the expense of the county, during the ensuing year. * * * In case charges of fraud are made by an aggrieved publisher, the board shall seek other evidence of circulation, and the aggrieved publisher shall have the right of appeal to the circuit (district) court for redress of grievance. Said appeal shall be taken as in ordinary actions." Appellant, with a view evidently to strengthen its position as to proper evidence in the district court, contends that such affidavits are not proper before the board of supervisors under the requirements of the law that, where charges of fraud are made, it "shall seek other evidence of circulation," but contends that, when the charges are made, the board becomes a judicial tribunal, and can only receive evidence that would be proper in an ordinary judicial tribunal. The practice assailed is open to grave doubts; but, as it is not essentially involved in the assignments of error we are to consider, we do not determine it. If we assume, for the purposes of the case, that, in the proceeding before the board, it was not limited to the ordinary rules of judicial inquiry, but might obtain

information as to the circulation in any way that seemed to it best, including *ex parte* affidavits, it does not follow, as a legal conclusion, that the same liberality is to obtain in the district court when the proceeding is brought there on appeal. The appeal presents to the district court an issue of fact on a charge of fraud. It is an issue of fact, pending for trial in a judicial tribunal. Remedies are divided into actions and special proceedings. Code, section 2504. The two embrace every remedy in civil cases. After defining what actions must and may be brought by equitable proceedings, and then what may be brought by ordinary proceedings (sections 2508–2512), it is said (section 2513): "In all other cases, except as in this Code otherwise provided the plaintiff must prosecute his action by ordinary proceedings." It is nowhere "otherwise provided" as to cases like this. The section of the Code permitting the appeal from the action of the board (307) provides that the "appeal shall be taken as in ordinary actions." With these provisions, there can be really no doubt but that the case was in the district court for prosecution as an ordinary action. By section 2741 it is provided: "All issues of fact in ordinary actions shall be tried upon oral evidence taken in open court, except that depositions may be used as now provided by law." These provisions of the law are in the title of the Code "Of Procedure in. Courts of Original Jurisdiction;" so that, even though they might not be applicable to a tribunal not a court of original jurisdiction, they do apply to proceedings pending in a court of such jurisdiction. After the appeal, the action was one in a court of original jurisdiction, with an issue of fact to be tried, making section 2741 directly applicable. These considerations seem very conclusive of the question before us, and the district court, in admitting the affidavits, was in error. The fact that the court offered to permit

appellant to produce the affiants for cross-examination would not change the rule. It was a question of the admissibility of direct testimony.

II. Appellees present a question as to the jurisdiction of this court, because there is no certificate, and the amount in controversy is less than one hundred dollars. The difficulty is that the amount in controversy does not appear, and, under the law, we are without jurisdiction only when the amount is less than one hundred dollars, "as shown by the pleadings." Code, section 3173.

III. There is a claim, that because of the number of witnesses, and the great expense of producing them, the costs would far exceed any benefits to be realized from the litigation. The prescribed rules of evidence can not be changed to meet such emergencies. They apply to all cases alike. The judgment is REVERSED.