First National Bank of Peterson, Iowa, v. David Bour-
delais, Sr., and C. E. Bourdelais, Defendants, David
Bourdelais, Jr., and Matilda Dunn, by her next
friend, Intervener and Appellants.

Attorney for Interveners: power to dismiss intervention   The
attorney for interveners being employed to appear and prosecute
their claims to the property, and having no other authority, and
they not having in person consented to judgment dismissing their
petition, the record of the justice reciting consent should be cor-
rected, and made to show, in accordance with the facts, that they
elected to stand on their motion to strike plaintiff's amendment
to his answer and to proceed no further in that court, and gave
oral notice of intention to appeal, and that then the judgment
dismissing their petitions was entered.

Appeals: amount in controversy.   Appeal lies to the Supreme
Court where the pleadings do not show the value of the property
in controversy; Code section 4100, giving the Supreme Court
appellate jurisdiction over all judgments, except as otherwise
provided, and section 4110 providing that no appeal lies where
the amount in controversy, "as shown by the pleadings, ' does
not exceed $100, except on certificate of the Judge.

*Appeal from Clay District Court.*—Hon. W. B. Quarton,
Judge.

Monday, October 23, 1899.

Plaintiff, assignee of a promissory note executed by
the defendants to one Le Clair in consideration of the rent
of a certain farm, brought this action before a justice of
the peace to recover the amount due upon said note; the note
containing a clause giving jurisdiction to any justice of the
peace, not exceeding three hundred dollars.  Plaintiff sued
out a landlord's attachment, which was levied upon certain
chattels as the property of the defendants, and as subject to
the landlord's lien.  Matilda Dunn, a minor, by David Bour-

delais, Jr., as her next friend, intervened, claiming that a
certain mare and cow levied upon were her property.   David
Bourdelais, Jr., intervened, claiming that eight hogs, one
span of mules, wagon, and set of double harness levied upon
were his property.   The plaintiff answered these petitions,
denying that either of said interveners was the owner of any
of said property.   The trial proceeded as between the plain-
tiff and interveners, and, after the evidence of David Bour-
delais, Jr., was taken, the plaintiff amended its answer, alleg-
ing that intervener David Bourdelais, Jr., was a tenant in
common with the defendants, the lease having been made by
defendants for the use and benefit of said intervener and for
themselves, and that the property claimed by him was kept,
used and supported on the leased farm.   Interveners moved
to strike said amendment upon the grounds that it was imma-
terial, incompetent, and not a defense, which motion the
justice overruled, and to this ruling the interveners excepted.
Thereupon an entry as follows was made in the  justice's
docket:   "Moved to strike amendment out.  Motion was
overruled, and interveners excepted.   The amendment to
answer was allowed to stand, and interveners refused to.
further proceed, and confessed to judgment of dismissal of
petitions of intervention and an order for the sale of prop-
erty in dispute.   An order is therefore made for sale of all
attached property, and judgment, David Bourdelais, Jr., for
costs of the proceedings, taxed at $4.90."      Interveners
appealed to the district court, and plaintiff moved to dismiss
the appeal on the grounds that the transcript showed that the
judgment dismissing the petitions was by confession and
agreement of interveners, and because they refused to prose-
cute their claims as interveners.   The interveners moved for
a rule on the justice to correct his docket by striking out that
part quoted above so far as the same relates to interveners,
and make it apply alone to the defendants, "for the reason
that the same is wrong, and a mistake, and should not be
there, and no such confession or consent ever took place";

also, that their attorney had no power or authority to consent to such a judgment. A number of affidavits were filed in support of interveners' motion, and the affiants and others were examined before the court in support of and in resistance to said motion. Interveners' motion to correct the record was overruled, and plaintiff's motion to dismiss the appeal was sustained. The trial judge certified that this cause is one in which an appeal should be allowed, stating as the question upon which the opinion of this court is desired whether interveners' counsel, employed to represent them on the trial, had authority, in the presence and hearing of his clients, to confess to the judgment as entered in the justice's docket, without special authority from his clients.   Interveners appeal.—*Reversed.*

*Cory & Bemis* for appellant.

No appearance for appellee.

GIVEN, J.—I. There being no appearance for appellee, the case is submitted upon appellants' abstract and argument alone. A certificate by the trial judge was not necessary to entitle interveners to appeal. The controversy is between the plaintiff and each intervener, and involves only the property claimed, the value of which is not shown in the pleadings. Section 4100 of the Code confers upon this court "appellate jurisdiction over the judgments and decisions of all courts of record, except as otherwise provided by law." Section 4110 provides, as an exception to this general rule, that no appeal shall be taken in any cause in which the amount in controversy, as shown by the pleadings, does not exceed one hundred dollars, unless the judge shall certify that the cause is one in which the appeal should be allowed. To defeat the jurisdiction, it must appear from the pleading that the case falls within the exception, and where no amount is shown, it does not so appear. *Babcock v. Board,* 65 Iowa, 110; *Henkle v. Town of Keota,* 68 Iowa,

335; *Eden Tp. Dist. v. Templeton Independent Dist.,* 72 Iowa, 687; *Geyer v. Douglass,* 85 Iowa, 93; *Publishing Co. v. Lewis,* 90 Iowa, 305.

II.   Appellants, in support of their motion to correct the record of the justice, cite section 4557 of the Code, which provides as follows: "Where an omission or mistake has been made by the justice in his docket entries and that fact is made unquestionable, the court to which the appeal is taken may correct the mistake or supply the omission, or direct the justice to do so." The testimony upon which the correction is sought relates to what transpired before the justice after he overruled appellants' motion to strike plaintiff's amendment to answer. The contention is whether appellants' counsel confessed to judgment of dismissal of the petitions of intervention, and that an order for the sale of the property in dispute should be made, or whether he simply elected to stand on his motion, and to proceed no further in that court. The testimony is in sharp conflict, and it cannot be said to show that an omission or mistake, as claimed, was unquestionably made by the justice. The other ground of the motion to correct the record is that appellants' attorney was employed and authorized to appear for them in prosecuting their claims to the property, and that he had no authority to dismiss the petitions, nor to confess or consent to any kind of judgment against the appellants. The uncontradicted evidence is that the attorney for the appellants was employed to appear and prosecute their claims to the property, and that he had no other authority.    In *Ohlquest v. Farwell,* 71 Iowa, at page 233, it is said: "It is undoubtedly true that an attorney cannot consent to a judgment against his client, or waive any cause of action or defense in the case. Neither can he settle or compromise it without special authority. But he is, by his general employment, authorized to do all acts necessary or incidental to the prosecution or defense which pertain to the remedy pursued." In *Rhutasel v. Rule,* 97

Iowa, 24, it is said: "His employment is to prosecute, and in an important sense it is inconsistent with a power to dismiss the suit." While, under the evidence, we think it doubtful if appellants' counsel should have been understood as consenting to the judgment as rendered, we are in no doubt but that he did not intend to be so understood, and that he had no authority to consent to such a judgment. There is no claim that the appellants in person consented to it, and, the attorney having no authority to do so, it was unquestionably a mistake on the part of the justice to enter the judgment as he did. This being so, the motion to correct the record should have been sustained, and the record corrected according to the facts, namely, that interveners elected to stand upon their motion to strike plaintiff's amendment to his answer, and to prosecute no further in that court; also that they then gave oral notice of their intention to appeal, and that thereupon judgment dismissing their petitions and for costs was entered. Upon the record, thus corrected, there can be no question of interveners' right to appeal to the district court, and to be heard upon the merits of their case. It follows from these conclusions that the court erred in overruling appellants' motion to correct the record and in sustaining plaintiff's motion to dismiss the appeal.— REVERSED.