William Pierce, Plaintiff-Appellee, v. Lawrence G. Pacini, d/b/a Larry's Standard Station, Defendant-Appellant.

Gen. No. 54,486.

First District, Third Division.

June 4, 1970.

Paul M. Heller, of Chicago, for appellant.

Wexler & Wexler, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The amount of money involved in this litigation is 70 cents. The legal question involved is whether a repairman in a gasoline station who added parts to a motor vehicle as a necessary incident to its repair, was engaged in the sale of service under the Service Occupation Tax Act or in the business of selling tangible personal property at retail under the Retailers' Occupation Tax Act. The appeal comes to us from the Supreme Court to which it was originally taken. The transfer order stated that the controversy did not concern State revenue and that there was no other basis for the court's jurisdiction.

The defendant, an owner of a gasoline service station, repaired the plaintiff's motor vehicle in November 1968 and in doing so installed a rebuilt starter and solenoid. He billed the plaintiff for his labor and charged $28.10 for the parts. To this charge he added a $1.40 tax based on 5% of his selling price—the amount called for by the retailers' occupation tax. The plaintiff protested that the tax should have been 70 cents—the amount the defendant was allowed to pass on to his customers under the service occupation tax. The defendant refused to rebate the difference and the plaintiff brought this action.

The complaint alleged that the defendant was a serviceman, not a retailer, and as such could only charge a 5% tax based on the cost price of the items he sold.

The complaint also alleged that the plaintiff was unable to carry on his business without the repaired vehicle and, therefore, had paid the excessive tax under duress. The defendant moved to strike the complaint. He admitted collecting the $1.40 tax, stated it had been forwarded to the State Revenue Department and asserted that the plaintiff was suing the wrong party. He contended that in charging a tax of 5% of his selling price he did what he was required to do under the Retailers' Occupation Tax Act because he had transferred tangible personal property to the plaintiff. The trial court denied the motion and granted judgment to the plaintiff.

The Retailers' Occupation Tax Act (Ill Rev Stats 1967, c 120, par 440 et seq.) provides in paragraph 441 that:

> "A tax is imposed upon persons engaged in the business of selling tangible personal property at retail at the rate of [4¼%] of the gross receipts from such sales of tangible personal property made in the course of such business. . . ."

A sale at retail is any transfer of the ownership of or title to tangible personal property to a purchaser for use or consumption for a valuable consideration. Paragraph 440.

The Service Occupation Tax Act (Ill Rev Stats 1967, c 120, par 439.101 et seq.) provides in paragraph 439.-103:

> "A tax is imposed upon all persons engaged in the business of making sales of service . . . at the rate of [4¼%] of the cost price of all tangible personal property transferred by said servicemen . . . as an incident to a 'sale of service' " . . . .

"Sales of service" is a transaction which is not a retail sale of tangible personal property under the Retailers'

4

Occupation Tax Act or under the Use Tax Act. Paragraph 439.102.

Municipal and county governments are authorized to levy additional retailers' and service occupation taxes on the same personal property upon which the State has imposed a tax. Ill Rev Stats 1967, c 24, pars 8–11–1, 8–11–5; c 34, pars 409.1, 409.2.

■■ Both the retailers' and servicemen's taxes are taxes on occupations—excise taxes imposed for the privilege of engaging in the designated occupation—and are not taxes on the sale of goods, even though they are measured by the receipts from such sales. Snite v. Department of Revenue, 398 Ill 41, 74 NE2d 877 (1947). The object of the Service Occupation Tax Act is to place servicemen on a tax parity with retailers to the extent that they transfer tangible personal property to the ultimate consumer. Fiorito v. Jones, 39 Ill2d 531, 236 NE2d 698 (1968).

■ The question of whether a businessman is engaged in a service occupation or a retail occupation has been before the courts in numerous cases construing the Retailers' Occupation Tax Act. See, e. g., J. H. Walters & Co. v. Department of Revenue, 44 Ill2d 95, 254 NE2d 485 (1969); Central Television Service, Inc. v. Isaacs, 27 Ill2d 420, 189 NE2d 333 (1963). In Sterling Steel Casting Co. v. Department of Revenue, 7 Ill2d 244, 130 NE2d 262 (1955) the court stated, "To be taxable [under the retailers' tax], the business of the taxpayer must be that of selling tangible personal property rather than that of rendering service. Where the business is that of furnishing service to which a sale at retail is incidental, the occupation has been held not taxable." In Mahon v. Nudelman, 377 Ill 331, 36 NE2d 550 (1941), the plaintiffs engaged in repairing and restyling fur garments and in the course of business furnished the fur pieces or strips and lining necessary to the task. Cus-

tomers retained the plaintiffs for the purpose of repair, and the plaintiffs used their skill to choose and fit the fur pieces or lining. The court found from the evidence that they were primarily selling services, and the materials used were incidental to this purpose. In Central Television Service, Inc. v. Isaacs, supra, the plaintiffs engaged in servicing and repairing television sets and electronic equipment. In the course of business they frequently incorporated parts into the repaired articles. At trial it was found that the plaintiffs' employees possessed special training for their jobs. The customers relied on the plaintiffs' skill in making the repairs and left the selection of the repair parts to them. The reviewing court found that the customers were contracting for repair and restoration of function rather than for the purchase of parts and materials. It upheld the trial court's finding that the plaintiffs were engaged primarily in a service occupation in which the transfer of tangible personalty was incidental, and that they were not selling such property at retail within the meaning of the Retailers' Occupation Tax Act.

Regulations issued by the State Department of Revenue also throw light on the problem of sales made by automobile repairmen. Although these regulations are not binding on this court, it is appropriate to consider them in resolving the problem at hand. Oscar L. Paris Co. v. Lyons, 8 Ill2d 590, 134 NE2d 755 (1956). Rule No. 10 of the Retailers' Occupation Tax Act, issued May 1, 1963, provides:

"3. Persons who engage in the business of repairing tangible personal property belonging to others (including, but not limited to, automobile repairmen . . .) are engaged in a service occupation. To the extent to which they engage in such service occupation, they are not engaged in the business of

6

selling tangible personal property to purchasers for use or consumption."

". . ."

"4. The repairing of automobiles includes, but is not limited to, the replacement of parts, such as brake fluids, brake linings, carburetors, fan belts, fans, fenders, lights, gaskets, points, spark plugs, valves, windshield wipers and the like."

". . ."

"5. Personal property repairmen and other servicemen . . . are liable for Service Occupation Tax on their cost price of repair parts, materials and other tangible personal property which they purchase and retransfer as an incident to a sale of service. . . ."

■■ From this rule and the principles pronounced in the cases cited, the following conclusions can be drawn: When a customer contracts for the restoration of a motor vehicle's function and relies upon the experience and skill of the serviceman in the performance of this task, the serviceman is engaged in the sale of a service. If in the course of repair it becomes necessary to replace a part, and the serviceman chooses the part and installs it, its transfer is incidental to the service. The repairman is liable for the service occupation tax based upon the cost price of the item to him. On the other hand, when a customer purchases from a service station an item such as seat covers for his automobile and makes the selection and the sale does not obligate the seller to install them, then, even though the seller does install them, the transaction is a sale at retail, and taxable under the Retailers' Occupation Tax Act.

■ It was the defendant's responsibility to determine the correct tax and to collect and forward it to the Department of Revenue. The statutes define a "serviceman" as any person who is engaged in the occupation of making sales of service, and a "supplier" as any person who sells tangible personal property to servicemen for the purpose of resale as an incident to a sale of service. Ill Rev Stats 1967, c 120, par 439.102; c 120, par 439.32. The law imposes on the supplier the duty of collecting the service occupation tax from the serviceman if, at the time of selling him parts and materials, he intends to resell them as an incident to a sale of service. Chapter 120, par 439.103. If, however, the serviceman is unable to determine at the time he purchases the property how he will ultimately dispose of it, he may give his supplier an exemption certificate which relieves the supplier of liability for collecting the tax. If this is done the serviceman, upon disposing of the property, has the obligation of remitting to the Department of Revenue of the State the tax due as the result of the disposition of the property. See c 120, par 439.103, and Department of Revenue Bulletin, Re: Automobile Repairmen and Their Suppliers, dated March 1, 1967. The tax to be remitted depends upon the actual disposition of the property. If the property is sold "over-the-counter" at retail, the tax imposed is the amount called for by the retailers' occupation tax—5% of the selling price. If the property is incorporated into a motor vehicle and transferred as an incident to service upon the vehicle, the tax (which is collected from the customer, c 120, par 439.33) is to be computed on the cost price— that is, on the same basis as the serviceman's own tax would have been computed had he paid it to his supplier. In the absence of proof to the contrary, the law assumes when the tax is paid directly to the Depart-

ment of Revenue that the cost price to the serviceman is equal to 50% of the selling price paid by the customer. Chapter 120, par 439.33. In the present case, the defendant-repairman admitted in his motion to strike that he did not pay the tax to his supplier. He undertook, therefore, the obligation of accounting for the proper tax to the Revenue Department.

The record presented to this court does not include a report of proceedings, an agreed statement of facts or a certificate of the evidence heard at the trial. However, the order of the trial court stated that it heard the evidence and arguments of both parties and was fully advised in the premises. Without more, we must assume that the evidence supported the court's judgment (Smith v. Smith, 36 Ill App2d 55, 183 NE2d 559 (1962)) and the finding implicit in that judgment: that the defendant did not sell the starter and solenoid at retail but rather placed them in the plaintiff's vehicle as part of the service performed on that vehicle. It was, therefore, a sale incidental to service and the maximum tax that could be exacted was the same tax as the defendant would have been obligated to pay his supplier—5% of the cost price.

The fact that the defendant remitted to the Department of Revenue the full tax he collected from the plaintiff does not relieve him of the obligation of reimbursing the plaintiff for the excessive tax. The defendant's further argument that charging the tax on his cost price would require him, and other persons operating service establishments, to divulge the actual cost of the parts to the purchaser is immaterial to the issue.

The judgment is affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.