JULIA HAGERTY, Plaintiff-Appellant, Cross-Appellee, *v.* GENERAL MOTORS CORPORATION, Defendant-Appellee, Cross-Appellant—(GEORGE MAHIN, Director of Revenue, *et al.*, Defendants-Appellees.)

(No. 57817;

First District (2nd Division)—May 8, 1973.

*Supplemental opinion upon denial of rehearing filed September 18, 1973.*

34

36

Frank F. Fowle and Robert C. Bonges, both of Chicago, (Pope, Ballard, Shepard & Fowle, of counsel,) for appellant.

L. Louis Karton, of Chicago, for appellee General Motors Corp.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff filed this suit as a class action alleging that defendant wrongfully charged a tax pursuant to the Retailers' Occupation Tax Act[1] when the tax should have been charged in accordance with the Service Occupation Tax Act.[2] The trial court entered judgment in favor of plaintiff individually, but ordered the class action allegations of the complaint stricken. Plaintiff appeals contending that it was error to strike the class action allegations of her complaint.

Defendant General Motors Corporation (hereinafter defendant) cross-appeals contending that: (1) the trial court should have declined equity jurisdiction; (2) it was improper to enter judgment on the pleadings; and (3) it was improper for the trial court to enter an injunction requiring defendant to pay under protest one-half of any taxes it collects pursuant to the Retailers' Occupation Tax Act.

On February 13, 1967, defendant performed work on plaintiff's automobile. The vehicle was lubricated, a quart of oil was added, and new spark plugs, oil filter, and condenser were installed. Plaintiff paid $30.05 for labor, $16.26 for materials and $.65 for a separately listed "sales tax."

Plaintiff thereafter filed this suit. Defendant filed an answer admitting that it had performed services on plaintiff's automobile and had sold tangible personal property to her, but denying that it was a serviceman

---

[1] Ill. Rev. Stat. 1967, ch. 120, par. 440 et seq.

[2] Ill. Rev. Stat. 1967, ch. 120, par. 439.101 et seq.

subject to the Service Occupation Tax Act. Plaintiff filed a motion for a temporary injunction based upon the allegations of her complaint. On motion of the court the Director of the Department of Revenue and the State Treasurer were made parties defendant. Defendant then filed a motion to strike the class action allegations of the complaint and to dismiss the action. Briefs were filed and argument was heard by the court on the motion. Judgment was thereafter entered which ordered, among other things, that plaintiff recover $.33, the amount of tax she was allegedly overcharged; that the class action allegations of the complaint be stricken; and that plaintiff's request for an accounting be denied. Defendant was ordered to pay under protest one-half of any taxes it collects pursuant to the Retailers' Occupation Tax Act, if the Service Occupation Tax Act is applicable to the transaction on which the tax is collected.

The taxing statutes here involved have been explained in *Pierce v. Pacini,* 127 Ill.App.2d 1, 261 N.E.2d 515. It is unnecessary to reiterate all that was said there, but we will briefly summarize the pertinent points to facilitate understanding of the issues involved in this litigation.

■■ A retailers' occupation tax is imposed upon persons selling tangible personal property at retail and is computed as a percentage of the gross receipts of such sale. A sale at retail is any transfer of the ownership or title to tangible personal property for a valuable consideration to a purchaser for use or consumption.

■■ A service occupation tax is imposed upon persons making sales of service and is computed as a percentage of the cost price to the serviceman of the tangible personal property transferred as an incident to such sale. A sale of service is a transaction which is not a retail sale of tangible personal property under the Retailers' Occupation Tax Act or Use Tax Act.

■■ Whether any particular sale constitutes a sale at retail or a sale of service depends upon the circumstances of the transaction. When a customer contracts for the restoration of an automobile's function and relies upon the skill of the serviceman in the performance of this task, the serviceman is engaged in the sale of a service. If in the course of repair the serviceman chooses and installs a part necessary to such repair, the transfer of the part is incidental to the service and the serviceman is liable for the service occupation tax. However, if the customer selects an article for purchase and the sale does not obligate the seller to install it, the transaction is a sale at retail subject to the retail occupation tax. Thus, a single businessman can be subject to both taxes, although not for the same transfer of tangible personal property, dependent upon the circumstances surrounding the contract of sale.

■■ Defendant initially contends that the trial court should have de-

clined equity jurisdiction because plaintiff has an adequate remedy at law. Plaintiff replies that this contention would perhaps be valid if she had sued only in her own behalf, but urges that, since she is prosecuting this litigation as the representative of a class, the trial court properly invoked its equity jurisdiction to prevent a multiplicity of suits. A court of chancery may exercise jurisdiction to prevent a multiplicity of suits where a number of persons have separate causes of action against the same person and the claims are governed by the same legal rule and involve similar facts. (I.L.P. Chancery, § 52.) Therefore, if this litigation could properly be prosecuted as a class action, it was not error for the court to exercise its equity jurisdiction.

■■ Plaintiff contends that it was error to strike the class action allegations of her complaint. The basic criterion of a class action is a community of interest in the subject matter of the suit and the remedy sought. (*Harrison Sheet Steel Co. v. Lyons*, 15 Ill.2d 532, 155 N.E.2d 595; *Smyth v. Kaspar American State Bank*, 9 Ill.2d 27, 136 N.E.2d 796.) The subject matter of this suit is the money allegedly improperly collected as tax by defendant. The remedies sought are an injunction to prohibit further improper collection of tax by defendant, an accounting to determine the amount of money allegedly wrongfully collected from the class, imposition of a constructive trust on that money, and restitution thereof. There is a common interest among members of the class in the subject matter of the suit and the remedies sought.

■■ Defendant urges that a class action is inappropriate under the circumstances of this litigation because each member of the proposed class suffered an overcharge, if any, in a separate transaction unrelated to the transactions of other class members with defendant. As hereinabove stated the tax to be collected depends on the circumstances surrounding the contract of sale. However, we can perceive no cogent reason why the separateness of the transactions should bar a class action in this case. Plaintiff purports to represent those customers of defendant who paid a tax computed pursuant to the Retailers' Occupation Tax Act when the tax should have been computed in accordance with the Service Occupation Tax Act. The sole issue to be litigated on behalf of the class is whether class members are entitled to restitution of the overcharge. If plaintiff is a proper representative, she can pursue this litigation on behalf of the class to a determination of that issue without presenting evidence of the individual factual situations of other class members. Such evidence will be required only if it is necessary for persons to prove their membership in the class and the amount of recovery due them.

Defendant also contends that there is no common fund from which the

class members can obtain reimbursement for any overcharge they may have suffered. However, plaintiff has requested that a constructive trust be imposed upon the allegedly excess taxes collected by defendant. If a constructive trust is proper under the circumstances, the money so held by defendant would constitute the common fund from which restitution can be effected.

■■ Under circumstances similar to those here alleged, it has been stated that where a person purchases goods from a seller and agrees as a part of the contract of sale to pay the tax on the sale in addition to the purchase price, he is entitled to restitution of the money paid as tax if no tax is due from the seller. The money collected as tax is held in constructive trust by the seller. (*Harrison Sheet Steel Co. v. Lyons, supra; Cohon v. Oscar L. Paris Co.,* 17 Ill.App.2d 21, 149 N.E.2d 472.) The instant case presents a situation where the seller allegedly collected a tax which exceeded the amount that he was obligated to pay to the State. It is our opinion that the above principle should apply in this situation as well as in the former circumstances. In the cited cases, however, the issue of unjust enrichment was present inasmuch as the sellers had made applications for refunds of the taxes that they had paid to the State. In the instant litigation defendant has made no application for a refund and contends that it has not been unjustly enriched. We disagree. As was said in *Harrison Sheet Steel Co. v. Lyons, supra,* at 536:

> "We are concerned with rights and liabilities as between the company and its customers. * * * The company has had the benefit of whatever competitive or other advantages it sought to gain by dealing with the tax as it did. The tax that the parties had in mind has failed, and the question now is whether the company, which took money from its customers upon the ground that a tax was due from it, can resist the claim of those customers for restitution."

The court went on to hold that the customers were entitled to restitution. Therefore, any excess taxes collected by defendant are held in constructive trust by it and constitute a common fund from which restitution can be effected.

■■ Defendant further argues that it would be grossly inequitable to allow this suit to proceed as a class action because it would be required to produce records for that period of time when the allegedly improper tax was collected by it merely to allow a relatively small monetary recovery by each member of the class. It is our opinion that that is not a sufficient reason to deny the action. If defendant had collected the proper tax, it would not be required to produce its records. If defendant had any

doubt as to which tax it should have collected, it could have initiated procedures which would have obviated the consequences that it now proclaims will be unconscionable.

Therefore, if plaintiff is a proper representative of the class, it was error to strike the class action allegations of her complaint.

Defendant next contends that it was improper for the court to enter an injunction requiring it to pay under protest one-half of any taxes it collects pursuant to the Retailers' Occupation Tax Act, if the transaction upon which the tax is collected falls within the terms of the Service Occupation Tax Act. Defendant argues that, since the class action allegations of the complaint were ordered stricken, the injunction should apply only to its transactions with plaintiff and not with all its customers.

■■ The reason that the trial court disallowed the class action in this case is because of the absence of a common fund. The purpose of requiring a common fund is to ensure that there is a fund available from which restitution can be effected, should the class prevail in its action for damages. (*Peoples Store of Roseland v. McKibbin,* 379 Ill. 148, 39 N.E.2d 995.) Where injunctive relief is sought, there is no need for a common fund to sustain the class action. Therefore, if plaintiff is a proper representative of the class, defendant's objection to the issuance of the injunction is not sustainable.

■■ Defendant further contends that it was error for the court to enter judgment for plaintiff on the pleadings. We agree. From our previous discussion of the statutes here involved, it is clear that a determination of the proper tax to be collected is dependent upon the circumstances surrounding the contract of sale. The pleadings in the instant case do not warrant a finding that defendant acted as a serviceman in its dealings with plaintiff. Whether defendant acted as a serviceman in that transaction is dependent upon whether the contract between the parties was for a sale of service to which the transfer of tangible personal property was incidental or was a contract for the sale of specific articles which defendant was not obligated to install. There was no evidence presented concerning these facts, and no conclusion with respect thereto can properly be drawn from the pleadings. The work order attached to the complaint indicates that plaintiff authorized defendant to "make repairs as listed, subject to conditions shown on this order." The only instructions on the form call for "brake maintenance" and a repair estimate, neither of which involved the transfer of tangible personal property. Therefore, it was improper to enter judgment on the pleadings and this cause must be remanded for a determination of whether defendant acted as a serviceman in the transaction at bar.

■■ Inasmuch as the record does not support the finding that plaintiff

paid an improper tax, it cannot be determined at this point whether she is a proper representative of the class she purports to represent. If defendant did, in fact, collect the proper amount of tax from plaintiff, she cannot represent the class from whom defendant allegedly collected an improper amount of tax, because there would be no common interest between plaintiff and other members of the class. Therefore, upon remandment, the trial court must determine if defendant acted as a serviceman in the transaction here involved. If defendant so acted and in fact collected an improper amount of tax from plaintiff, she is entitled to recover individually and may represent the class, if it is further determined that she will adequately represent its interests. If defendant did not act as a serviceman in its transaction with plaintiff, the class action allegations of the complaint should be stricken and judgment entered against plaintiff individually.

Although we have decided to reverse the judgment, we will nonetheless consider defendant's remaining contention inasmuch as a determination thereof may be necessary upon remandment.

Defendant urges that the trial court erred in assessing the amount of damages awarded to plaintiff. The trial court awarded damages based upon the difference between the retail occupation tax charged and a supposed amount of service occupation tax due. As hereinbefore stated, the service occupation tax is computed as a percentage of the cost price to the serviceman of the goods transferred as an incident to a sale of service. In the instant case no evidence was presented as to the cost price of the goods involved. The trial court computed the cost price as 50% of the retail price. Although the reason for this method of determining the cost price was not specifically stated by the trial court, it may be that the court sought to apply par. 439.33 of the Service Use Tax Act [3] which provides in part:

> "In the absence of proof to the contrary, it shall be assumed, when the user is paying the tax that is imposed by this Act directly to the Department, that the 'cost price' to the serviceman is equal to 50% of the 'selling price' to the user."

This provision is inapplicable to the case at bar because plaintiff, the "user" in the terminology of the Act, did not pay the tax directly to the Department of Revenue. Rather, defendant collected the tax from plaintiff and remitted it pursuant to the provisions of the Retailers' Occupation Tax Act.

■■ The probable purpose of the statutory presumption of "cost price" is to facilitate the payment of tax by a "user" who has no readily avail-

---

[3] Ill. Rev. Stat. 1967, ch. 120, par. 439.31 *et seq.*

able means of knowing what the actual "cost price" of the goods to the serviceman is. There is no need for such a presumption in litigation such as this, since the tax has already been paid to the State. The information is now required for the purposes of assessing damages. Normal judicial procedures can be employed for this purpose. Therefore, if it is necessary for the court to determine damages upon remandment of this case, it may require evidence of the actual "cost price" of the goods involved and compute damages accordingly.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded with directions.

LEIGHTON and HAYES, JJ., concur.

*SUPPLEMENTAL OPINION ON DENIAL OF REHEARING*

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant has filed a petition for rehearing contending that we have either misapprehended or overlooked all of its contentions regarding the propriety of the trial court's action in striking the class action allegations of plaintiff's complaint. We think that our opinion as originally filed is sufficiently dispositive of defendant's contentions that the class action was properly denied by the trial court because each member of the class was overcharged, if at all, as a result of separate and distinct transactions, and that it would be grossly inequitable to allow a class action under the circumstances of this case.

However, we have decided to clarify our opinion that any excess taxes collected by defendant are held in constructive trust by it and constitute a common fund from which restitution can be effected.

On rehearing defendant urges that we erred in holding that imposition of a constructive trust was warranted by the circumstances of this case. It argues that a constructive trust should not have been imposed because it had not been unjustly enriched and there is no property in its possession that can be impressed with such a trust since it has remitted all taxes received by it to the State.

There are four revenue statutes involved in this appeal: the Retailers' Occupation Tax Act,[4] the Service Occupation Tax Act,[5] the Use Tax Act[6] and the Service Use Tax Act.[7] Plaintiff alleges that she paid a use tax to

---

[4] Ill. Rev. Stat. 1967, ch. 120, par. 440 et seq.

[5] Ill. Rev. Stat. 1967, ch. 120, par. 439.101 et seq.

[6] Ill. Rev. Stat. 1967, ch. 120, par. 439.1 et seq.

[7] Ill. Rev. Stat. 1967, ch. 120, par. 439.31 et seq.

defendant when defendant should have collected a service use tax. Defendant remitted a retailers' occupation tax to the State. The amount collected by defendant as a use tax from plaintiff was the same as the amount remitted to the State as retailers' occupation tax except for a possible discount that defendant may have been allowed pursuit to statute. (Ill. Rev. Stat. 1967, ch. 120, par. 442.) Payment by defendant of the retailers' occupation tax permitted it to retain the use tax collected from plaintiff. (Ill. Rev. Stat. 1967, ch. 120, par. 439.9; *Turner v. Wright*, 11 Ill.2d 161.)

It is important to note that payment of the retailers' occupation tax by defendant was not a mere funneling transfer to the State of the funds that it collected as use tax from its customers, but was a discharge of its own obligations owed to the State independent of its relationships with its customers. Defendant is required to remit a retailers' occupation tax and/or a service occupation tax to the State dependent upon the character of the business transactions it engages in. Such taxes are imposed on the privilege of doing business within the State (Ill. Rev. Stat. 1967, ch. 120, pars. 441 and 39.103) and are obligations owed to the State regardless of whether defendant exercises its authority to collect a use tax or service use tax from its customers. If defendant's activities fall within the purview of the occupation tax acts, it is required to pay taxes as specified therein. If defendant mistakenly paid an excess amount to the State, for whatever reason, it is provided with a statutory method of obtaining a refund. (Ill. Rev. Stat. 1967, ch. 120, pars. 439.19 and 445.) That is a matter to be resolved between defendant and the State. However, as we stated in our original opinion, we are here dealing with a matter concerning defendant and its customers. If defendant collected excess taxes from its customers, it has received and has retained the excess money to which it is not entitled. The fact that defendant may have paid a similar amount of money to the State is of no importance when considering the rights and obligations between defendant and its customers. Any money defendant may have paid to the State was in discharge of its own obligations and does not affect the rights of plaintiff and the class. When defendant retained the tax collected from plaintiff, it was unjustly enriched to the extent to which the tax collected exceeded the amount of tax that it could rightfully collect.

A constructive trust comes into being immediately upon the happening of the circumstances that give rise to the remedy of restitution. (Scott on Trusts, § 462.4.) Thus, in the case at bar, a constructive trust arose, if at all, immediately upon the happening of the events whereby defendant received and retained any excess taxes it collected.

Defendant argues that, even if it was at one time chargeable as con-

structive trustee, it is no longer so chargeable since it no longer has possession of the taxes it collected from plaintiff and the class. In support of this argument defendant cites the Restatement of Restitution, § 160, comment i., which provides:

> "[A] constructive trust no longer continues when a person chargeable as constructive trustee no longer holds the property or other property which is its product."

The cited comment notes that there can be no constructive trust absent a *res*. Defendant contends that, at the time the instant action was filed, it had transferred to the State the money collected by it from plaintiff as use tax. Since this money, to the extent to which it exceeded the use tax properly collectible from plaintiff, was the *res* of the constructive trust there could no longer be any constructive trust at the time of the suit. We hold, however, that defendant has not transferred to the State the money collected as use tax from plaintiff. What it has done is to pay its own occupation tax with its own funds and has retained the money collected as use tax as it is permitted by Statute to do. The retained money, to the extent that it exceeds the amount of use tax authorized to be collected, is the *res* of the constructive trust.

■■ Therefore, it is our opinion that, if defendant mistakenly collected excess taxes from plaintiff and the class she purports to represent, defendant became constructive trustee of the amount of taxes collected which exceeded the amount of taxes that should have been collected. It was chargeable as constructive trustee immediately upon the happening of the events whereby it retained any excess taxes collected. Retention of any excess taxes collected would result in the unjust enrichment of defendant at the expense of plaintiff and it may be held liable to the extent of its enrichment. The fact that defendant may have paid a tax imposed upon it with money collected as a different tax does not relieve it of the duty to repay those persons that it may have overcharged. Defendant had a remedy which would have allowed it to recover any excess taxes that it may have remitted to the State by mistake and it chose not to pursue it. We will not permit that choice to deprive plaintiff and the class she purports to represent of the remedy that they have elected to pursue.

Reversed and remanded with directions.

LEIGHTON and HAYES, JJ., concur.