John W. ACKERMAN, individually and for all other persons similarly situated, Appellant,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellee,

v.

IOWA DEPARTMENT OF REVENUE, Third-Party Appellee.

No. 67983.

Supreme Court of Iowa.

Aug. 17, 1983.

Stephen J. Rapp and W.H. Gilliam of Rapp & Gilliam, P.C., Waterloo, for appellant.

Donald A. Wine, Stephen W. Roberts, and Lorna A. Gilbert of Davis, Hockenberg, Wine, Brown & Koehn, Des Moines, for appellee.

Thomas J. Miller, Atty. Gen., and Harry M. Griger, Sp. Asst. Atty. Gen., for third-party appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

Plaintiff brought this law action against International Business Machines Corporation (IBM) in two counts. In the first count he alleged IBM had charged him $20.42 Iowa "state" (sales) tax on two machine service agreements in violation of law and contrary to contract provisions. Count II purported to be a class action on behalf of all other persons similarly situated residing in or entitled to do business in Iowa who, during a specified time interval, entered into IBM service contracts to be performed in Iowa. Trial court sustained IBM's motion to dismiss on the ground the Iowa Department of Revenue had primary jurisdiction and plaintiff had not exhausted his administrative remedies.

Months after plaintiff filed his notice of appeal, IBM moved in this court for "an Order ... dismissing Plaintiff's Appeal for inability and failure to comply with Rule 3 [amount in controversy]." Plaintiff resisted, and filed an "Application To Certify Appeal." We denied the application as untimely filed under Iowa Rule of Appellate Procedure 5(a). We ordered that IBM's motion to dismiss be submitted with the appeal. We first consider the merits of that motion, directed at this court's jurisdiction to consider the merits of the controversy.

I. *Motion to Dismiss.*

Iowa Rule of Appellate Procedure 1(a) provides in part:

All final judgments and decisions of the district court and any final adjudication in the district court under R.C.P. 86, involving the merits or materially affecting the final decision, may be appealed to the Supreme Court, except as provided in this rule and in rule 3 ....

A portion of Iowa Rule of Appellate Procedure 3 states:

Except where the action involves an interest in real estate, no appeal shall be taken in any case, not originally tried as a small claim, where the amount in controversy, *as shown by the pleadings,* is less than three thousand dollars unless the supreme court or a justice thereof certifies that the cause is one in which appeal should be allowed.

(Emphasis added.)

We have held compliance with rule 3 (or its predecessor statute or rule of procedure) is jurisdictional, and if the amount in controversy is less than the rule prescribes, the appeal must be dismissed. *Bridal Publications, Inc. v. Richardson,* 229 N.W.2d 771, 773–74 (Iowa 1975); *Benttine v. Jenkins*

*Truck Lines, Inc.,* 182 N.W.2d 374, 376 (Iowa 1970).

In interpreting antecedent statutes and rules, we have reasoned that the right to appeal is the general rule (now set out in Iowa Rule of Appellate Procedure 1) and the fact that brings the case within the amount-in-controversy exception must be affirmatively "shown by the pleadings." Where the amount is not so disclosed, the supreme court's appellate jurisdiction is not defeated. *Wilson v. Kelso,* 250 Iowa 67, 68–69, 92 N.W.2d 392, 393–94 (1958); *First National Bank v. Bourdelais,* 109 Iowa 497, 499, 80 N.W. 553, 554 (1899); *Democrat Publishing Co. v. Lewis,* 90 Iowa 304, 308, 57 N.W. 869, 870 (1894); *Babcock v. Township Board of Equalization,* 65 Iowa 110, 111–12, 21 N.W. 207, 208 (1884).

The reference in rule 3 and its predecessor rule and statutes to the pleadings as a measure of the amount in controversy was logical when such statement was required in the petition. See Iowa Code § 11111(4) (1939) (petition must contain "[a] demand of the relief to which the plaintiff considers himself entitled, and if for money, the amount thereof"). Until amended by 1976 Iowa Acts ch. 1265, Iowa Rule of Civil Procedure 70 contained a similar provision. The requirement to state an amount then was deleted, apparently on the reasoning that, unlike federal courts, Iowa trial courts have general jurisdiction, thus obviating the necessity for allegations of the amount claimed. *See* "Comment—1976," to Iowa R.Civ.P. 69, 1 Iowa Rules Civil Procedure Annotated 92 (3d ed. Supp.1982).

■ The test for determining the existence of the requisite amount in controversy under rule 3 is whether the trial court could have entered judgment against any party for that amount. *Electra Ad Sign Co. v. Cedar Rapids Truck Center,* 316 N.W.2d 876, 878 (Iowa 1982). Although resort to the pleadings may resolve the issue where the demand is not specified we apparently examine the record before us to determine whether judgment could have been entered for the requisite amount. Thus in *In re Gabeline,* 288 N.W.2d 341, 344 (Iowa 1980), involving an award of trustees' fees, we wrote:

One other issue is raised. It concerns our jurisdiction to entertain this appeal because the amount of fees allowed is less than $3000.00. *See* rule 3, R.App.P. However, the report asks only that "reasonable fees" be allowed. Ordinarily the jurisdictional amount is determined by the pleadings, not by the result. The trial court could have allowed fees of $3000.00 or more. Although the record makes this result unlikely, *we cannot say it could not have happened.*

(Emphasis added.) We held the court had jurisdiction to consider the appeal. Our emphasis on an examination of the record to determine whether a judgment of $3000 "could not have happened" tracks with our earlier decisions, cited above, holding the right to appeal is the rule and the jurisdictional amount exception must affirmatively appear in order to defeat jurisdiction.

■ In the appeal before us, plaintiff's first count, incorporating his own individual claim, prays for judgment for only $20.42, with interest and costs. Obviously the exception applies and we have no jurisdiction to review trial court's dismissal of this count.

The second, class action count presents a more difficult issue. Ordinarily we have not permitted the aggregation of separate and distinct claims in order to reach the minimum amount required to confer appellate jurisdiction. *Crane v. Fulton,* 270 N.W.2d 601, 602–03 (Iowa 1978); *Albion Elevator v. Chicago and N.W. Transp.,* 254 N.W.2d 6, 15 (Iowa), *cert. denied,* 434 U.S. 904, 98 S.Ct. 301, 54 L.Ed.2d 190 (1977); *Bridal Publications,* 229 N.W.2d at 776. Plaintiff, however, convincingly argues these decisions are distinguishable from class actions brought under our Uniform Class Action Rules, Iowa R.Civ.P. 42.1–.20.

A basic and underlying reason for the evolution of the class action was to provide small claimants an economically viable vehicle for redress in court. *See Lucas v. Pioneer, Inc.,* 256 N.W.2d 167, 175 (Iowa 1977);

Note, *The Iowa Uniform Class Actions Rule: Intended Effects and Probable Results,* 66 Iowa L.Rev. 1241, 1272, 1275 (1981); Note, *State Class Action Statutes: A Comparative Analysis,* 60 Iowa L.Rev. 93 (1974). We have noted our class action rules should be construed liberally and the policy should favor maintenance of class actions. *Lucas,* 256 N.W.2d at 175. A requirement that each class member have a claim of at least $3000 to invoke this court's jurisdiction would violate these basic principles and policies.

In *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), the Supreme Court ruled that each class member in a rule 23(b)(3) federal class action must satisfy the $10,000 jurisdictional amount in order to maintain the suit. *Zahn* involved the statutory minimum $10,000 threshold [1] for invoking federal trial court jurisdiction in a diversity action, not an issue of state appellate jurisdiction where the rule is the right to appeal and a minimum amount is the exception. Although we cited with approval some of the *Zahn* language in *Albion Elevator,* 254 N.W.2d at 11–12, we were not concerned in that appeal with a class action.

■ Moreover, our uniform rules, Iowa Rules of Civil Procedure 42.1 through 42.20, effective July 1, 1980, require a reexamination of this area of the law. The new rules provide different criteria to be used in determining whether the class action should be permitted. *See* Iowa R.Civ.P. 42.3. While we did not permit the aggregation of claims to satisfy rule 3 in *Albion Elevator* and *Bridal Publications,* these were not class actions. They more nearly resembled the "spurious" class action [2] of the former rules' ambiguous categories: true, hybrid and spurious class actions.[3] These categories were eliminated by the uniform rule.[4] Rule 42.4(c) appears to give an unqualified right to appeal from an order certifying or refusing to certify an action as a class ac-

tion. It would be anomalous to require each claimant in a class action to have a claim of at least $3000 in order to appeal other aspects of the case. We hold the claims in a uniform rule class action may be aggregated for the purposes of determining whether the minimum jurisdictional exception applies.

■ Arriving at this conclusion, however, only triggers another issue to be examined. This case, as postured here, is not a class action. At the time of the ruling below, trial court had before it IBM's motion to dismiss and plaintiff's motion to certify "division II" of his petition as a class action. Trial court on January 12, 1982, filed a "Ruling On Motions" (emphasis added) that recited, "Hearing was conducted on the motion to dismiss, filed herein by the Defendant International Business Machines Corporation, and a motion to certify Division II of Plaintiff's petition as a class action." The court then proceeded to sustain IBM's dismissal motion without reference to the motion to certify. The record discloses no effort by plaintiff, under Iowa Rule of Civil Procedure 179(b) or otherwise, to move the court to amplify its ruling. *See Michael v. Merchants Mutual Bonding Co.,* 251 N.W.2d 531, 533 (Iowa 1977). Nor does plaintiff purport to appeal from a refusal to certify. Thus, we have before us neither a class action nor an appeal from a refusal to certify a class action. In these circumstances we cannot determine there was a viable class action, which in turn would permit an aggregation of claims to surmount the rule 3 minimum amount.

Because we cannot make a determination there was a viable class action that would allow an aggregation of these claims, we examine, insofar as possible under this record, the count II claims to ascertain if any, separately considered, would provide the requisite jurisdiction. In so doing we set to one side the obvious concerns that the count

---

1. *See* 28 U.S.C. § 1332(a) (1976).

2. *See Lucas v. Pioneer, Inc.,* 256 N.W.2d at 172–73; Note, 60 Iowa L.Rev. at 106–07.

3. Note, 66 Iowa L.Rev. at 1252 n. 98.

4. Note, 66 Iowa L.Rev. at 1252.

II plaintiffs are not named and their claims are not separately pled.

 Our case law that holds a party may appeal unless the pleadings disclose the amount in controversy is less than the minimum amount must be modified, in view of the elimination of the requirement that the petition state the amount of the claim. A plaintiff, for example, should not be accorded an unqualified right to appeal a $50 claim by the simple device of failing to state the amount of the demand in his or her petition. We hold a party has no right to appeal when it reasonably may be inferred from the record that trial court could not have entered judgment for the jurisdictional minimum amount or more.

In this case plaintiff alleges the unnamed claimants were "similarly situated as plaintiff," who had a claim of $20.42, with interest and costs. We reasonably conclude none of these claimants, similarly situated, would have a claim of more than $3000. Accordingly, we find the jurisdictional amount exception also applies to count II of the petition.

## II. Other Issues.

This conclusion makes it unnecessary to resolve the question whether or not plaintiff, whose individual claim was dismissed in a ruling that is not subject to review, could serve as a representative of the purported class in pursuing the count II appeal. Compare Pasadena City Board of Education v. Spangler, 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976), Board of School Commissioners v. Jacobs, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975), and Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (allowing a certified class action to continue despite the subsequent mooting of the named plaintiff's claim) with Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), and U.S. Parole Commission v. Geraghty, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (allowing a named plaintiff to appeal the denial of class certification despite the subsequent mooting of his individual claim).

Our holding in division I also obviates the necessity to consider whether plaintiff and the alleged class members should have been required to exhaust administrative remedies by filing for tax refunds with the Iowa Department of Revenue. See, as bearing on this point, Javor v. State Board of Equalization, 12 Cal.3d 790, 527 P.2d 1153, 117 Cal.Rptr. 305 (1974); Harrison Sheet Steel Co. v. Lyons, 15 Ill.2d 532, 155 N.E.2d 595 (1959); Hagerty v. General Motors Corp., 14 Ill.App.3d 33, 302 N.E.2d 678 (1973), modified, 59 Ill.2d 52, 319 N.E.2d 5 (1974); Van Emmerik v. State, 298 N.W.2d 804 (S.D.1980); Iowa Admin.Code 730–12.9 (claim for refund of tax); [All States Unit] St. & Loc.Tax Serv. (P–H) ¶ 92, 729 (Jan. 1, 1962); Annot., 10 A.L.R. 4th 655 (1981).

Under the unusual facts in this appeal, we determine we are without jurisdiction and the appeal is dismissed.

APPEAL DISMISSED.