## JOHNS v. PATTEE ET AL.

1. **Appeal to Supreme Court: LESS THAN $100: CASE IN CHANCERY.** Section 3173 of the Code, restricting appeals to the supreme court to cases involving more than $100, applies to cases in chancery as well as at law, and prevents the review, without a certificate, of a case brought to restrain the enforcement against plaintiff's land of a judgment for $25 and $18.85 costs. Such a case does not involve an interest in real estate.

*Appeal from Hardin District Court.*

FRIDAY, JUNE 15.

SOMETIME in 1878, one George Pattee commenced, in the Hardin district court, an action against the trustees of the Northwestern College for the recovery of $25, and garnished Ubbee Dressman and his wife as supposed debtors of the said trustees of the Northwestern College. Afterward, upon the

answers of the garnishees, Pattee recovered a judgment against Ubbee Dressman and wife for $25 and $18.85 costs. Subsequently, Ubbee Dressman and wife conveyed by a general warrantee deed certain real estate to the plaintiff, Henry Johns. Afterward an execution issued upon the judgment against Dressman and wife, and was levied upon a portion of the real estate conveyed by Dressman and wife to the plaintiff. The plaintiff commenced an action in equity to set aside the judgment against Dressman and wife, and to enjoin the enforcement of the execution against his land, upon the ground that the judgment in the garnishment proceeding had been procured by fraud. Afterward Ubbee Dressman and wife intervened, and alleged that the judgment against them in the garnishment proceeding had been procured by fraud, and asked that it be canceled. The court found that the judgment was obtained by fraud, and adjudged that it be canceled, and that the defendants be perpetually enjoined from enforcing it. The defendants appeal. The case was before us on a former appeal. See 55 Iowa, 665.

*W. A. Green* and *Porter & Albrook*, for appellants.

*W. V. Allen*, for appellees.

DAY, CH. J.—The intervenors filed and submitted with the case a motion to dismiss the appeal, because there is no certificate of the trial judge, as required by section 3173 of the Code. The object of this proceeding is simply to cancel and prevent the enforcement of a judgment for $25 and $18.85 costs. The case involves simply the validity of a judgment, and not an interest in real estate. We have held that section 3173 of the Code applies to chancery cases. See *Andrews v. Burdick*,* at the present term. See 16 N. W. Rep., 275. As the amount in controversy is less than $100, and there is no certificate of the judge as provided in the statute, it follows that the motion of intervention must be sustained and the appeal must be

DISMISSED.

*This case is yet pending upon a motion for rehearing, and is not, therefore, found in this volume.