| 63 | 97 |
| 116 | 10 |

## COLYAR v. PETTIT ET AL.

1. **Appeal to Supreme Court:** LESS THAN $100: INTEREST IN REAL. ESTATE: WHAT IS NOT. An action brought to establish a lien upon real estate, and to subject it to the satisfaction of a judgment, is not an action involving an interest in real estate, as contemplated in section 3173 of the Code, and where the amount involved is less than $100, the cause cannot, under said section, be reviewed in this court, without a certificate of the trial judge.

*Appeal from Jasper Circuit Court.*

THURSDAY, MARCH 20.

THE plaintiff was the owner of certain real estate described in the petition, and executed a mortgage thereon. He afterward conveyed to Hayes, who assumed the payment of the mortgage. Hayes conveyed to the defendant, James Pettit, who also assumed the payment of the mortgage. The mortgage was assigned to Jay Clark, who brought an action thereon to foreclose, and to obtain a personal judgment against the plaintiff, Hayes and James Pettit. The defendant, Ann Pettit, was a party to the action, and a personal judgment was obtained against the plaintiff, Hayes and James Pettit. Eighty acres of the land were sold on special execution, but a portion of the judgment remained unsatisfied. The remaining forty acres were the defendants' homestead, and it was offered for sale to satisfy the unsatisfied portion of the judgment, but, there being no bidders, the sheriff "released and discharged the same from his levy, and returned the execution partially satisfied." The defendants conveyed the homestead forty acres to Jay Clark, and he conveyed the same by warranty deed to the defendant, Ann Pettit. Hayes and James Pettit are insolvent, and the plaintiff, having been compelled to pay the unsatisfied portion of said judgment, brought this action to subject the homestead forty to the payment thereof. The circuit court granted the relief asked, and Ann Pettit appeals.

*Alanson Clark*, for appellant.

*A. M. Harrah*, for appellee.

SEEVERS, J.—The amount in controversy is less than one hundred dollars, and, as there is no certificate of the trial judge, counsel for the appellee insists that this court has no jurisdiction of this cause, under Code, § 3173. This is clearly so, unless an interest in real property is involved.

The plaintiff seeks to establish a lien on the real estate and to subject it to the payment of a certain sum of money. He does not seek to recover an interest in real estate. All judgments at law, rendered in courts of record, are liens on real estate, but it has never been supposed that the title to, or any interest in, real estate was involved in the action to recover such a judgment.

The only difference between actions of that character and this is, that here the lien is sought to be established in equity. This question was considered and determined in *Andrews v. Burdick*, 62 Iowa, 714, which was an action to establish a mechanic's lien, and it was held that no interest in real estate was involved in the action. But counsel for appellant insists that the answer is in the nature of a cross petition, asking that the appellant's title to the real estate be quieted, and therefore an interest in real estate is involved.

The answer is not designated as a cross-petition, and no affirmative relief is asked. The answer sets up defenses only. The result is that the appeal must be

Dismissed.