BROWN & SONS V. SMITH *et al.*

**Appeal:** JURISDICTION : AMOUNT : MORTGAGE FORECLOSURE. An
ordinary action to foreclose a mortgage is not a case wherein is
involved an interest in real property ; and where the amount
involved does not exceed one hundred dollars, this court has no
jurisdiction of an appeal in such a case, in the absence of a proper
certificate from the trial judge. (See Code, sec. 3173, and cases
cited in opinion.)

*Appeal from Wright District Court.*—Hon. D. D.
MIRACLE, Judge.

FILED, DECEMBER 21, 1888.

ACTION to foreclose a mortgage. Upon a trial on the
merits plaintiffs' petition was dismissed. They appeal
to this court.

*Aaron Yearous,* for appellants.

No appearance for appellees.

BECK, J.—I. The debt secured by the mortgage
amounts to $45.77, with interest at ten per centum per
annum from August 3, 1882. The petition prays for
judgment for the amount of the debt, and for a proper
decree enforcing the mortgage lien. No certificate was
given by the judge of the district court sending the case
here for the decision of questions certified. The amount
in controversy being less than one hundred dollars, we
cannot take cognizance of the case, in the absence of such
certificate.

II. The plaintiff claims in this action to foreclose
the mortgage. The mortgage confers on the mortgagee
no such interest in the land as is contemplated by Code,
section 3173; which provides that the 'limitation upon

appeals prescribed therein shall not effect a case wherein is involved an interest in real property. A mortgage under our statutes and decisions conveys no interest or title in real property. It simply creates a lien thereon. A case involving the enforcement of a lien for less than the sum limited in section 3173 cannot be brought to this court without the certificate therein required. *Andrews v. Burdick*, 62 Iowa, 714; *Colyar v. Pettit*, 63 Iowa, 97; *Johns v. Pattee*, 61 Iowa, 393. In the absence of the certificate, we have no jurisdiction of the case. It is therefore

