**G.M. SIMMONS, Plaintiff-Appellant,**

v.

**BRENTON NATIONAL BANK OF PERRY, Iowa, Defendant-Appellee,**

**Craig Simmons and Shirley Simmons, Defendants.**

**No. 85–1034.**

Court of Appeals of Iowa.

June 4, 1986.

144

G. M. Simmons, plaintiff-appellant, pro se.

Alan Shirley of Shirley, Smith, Smith, Shirley & Powell, Perry, for defendant-appellee Brenton National Bank.

Craig Simmons and Shirley Simmons, defendants, pro se.

Considered by SNELL, P.J., and HAYDEN, and SACKETT, JJ.

SACKETT, Judge.

Plaintiff G.M. Simmons appeals a judgment on a mechanic's lien in favor of defendants Brenton National Bank, Craig Simmons and Shirley Simmons. Plaintiff claims the trial court should have foreclosed his mechanic's lien in the amount of $724.86 against real estate originally owned by defendants Craig and Shirley Simmons and subsequently deeded by Craig and Shirley to defendant Brenton National Bank of Perry.

The trial court found against plaintiff and entered judgment in favor of defendant Brenton National Bank and defendants Craig and Shirley Simmons. Both plaintiff and defendants Craig and Shirley Simmons filed notices appealing from the trial court's order.

Craig and Shirley Simmons took no action beyond filing a notice of appeal. Because of our holding, we need not address this issue nor the issue of whether the judgment appealed from is adverse to them.

**I. Jurisdiction**

We must first determine whether we have jurisdiction to decide this appeal. Iowa R.App.P. 3 provides:

Except where the action involves an interest in real estate, no appeal shall be taken in any case, not originally tried as a small claim, where the amount in controversy, as shown by the pleadings, is less than three thousand dollars unless the supreme court or a justice thereof certifies that the cause is one in which appeal should be allowed. An application to certify an appeal shall comply with rule 16"b", rules of appellate procedure, be filed with the clerk of the supreme court and served pursuant to rule 30, rules of appellate procedure, and, unless otherwise ordered by the supreme court or a justice or a clerk thereof, may be resisted and will be ruled upon pursuant to rules 11"c" and 22"d", rules of appellate procedure. The right of appeal is not affected by any remission of any part of the verdict or judgment. An action originally tried as a small claim may be reviewed by the supreme court only as provided in section 631.16, The Code, and rules 201–203, rules of appellate procedure.

■ Though not raised by appellee in a motion to dismiss the appeal, we have no jurisdiction to entertain an appeal if the amount in controversy is less than $3,000 unless the Iowa Supreme Court or a justice thereof certifies the cause is one in which appeal should be allowed. Iowa R.App.P. 3; *Ackerman v. International Business Machines Corporation,* 337 N.W.2d 486, 488–89 (Iowa 1983). The test for determining the existence of the requisite amount in controversy under Iowa R.App.P. 3 is whether the trial court could have entered judgment against any party for that

amount. *Id.,* at 488. The court may resort to the pleadings to resolve the issue. *Id.* In the instant case, there is no order by the supreme court or a justice thereof certifying this cause as one in which appeal should be allowed. The mechanic's lien plaintiff seeks to foreclose is only for $724.86. Furthermore, this action does not involve an interest in real estate so as to come under the exception to Iowa R.App.P. 3.

The right of plaintiff to a mechanic's lien and its enforcement is not a right to the property in question. Rather, it is a right to a remedy against the property, whereby the real estate is subjected by the specific lien to the payment of plaintiff's claim. An interest in real estate is something more than a right to a remedy against it. A lien special or general is not an interest in lands and an action to enforce it is not within the exception to limitations upon appeals where the action involves an interest in real estate. *In re Estate of Jensen,* 225 Iowa 1249, 1253, 282 N.W. 712, 714 (1949); *Andrews & Smith v. Burdick & Goble,* 62 Iowa 714 721–22, 16 N.W. 275, 279 (1883); *Brown & Sons v. Smith,* 76 Iowa 315 316, 41 N.W. 27, 28 (1888) (court held a mortgage simply creates a lien and a suit for enforcement of lien is not a case wherein is involved an interest in real property). *See Keith Young & Sons v. Victor Senior Citizens,* 262 N.W.2d 554, 556 (Iowa 1978); *Society Linnea v. Wilbois,* 253 Iowa 953, 113 N.W.2d 603, 607 (1962) (enforcement of mechanic's lien is not an action in rem).

We determine, therefore, we are without jurisdiction to entertain the appeals of both plaintiff G.M. Simmons and defendants Craig and Shirley Simmons.

## II. Pro Se Plaintiff

In addressing the jurisdictional issue we also examine the argument that the plaintiff, who is not represented by an attorney, cannot obtain justice in the Iowa District Court. The trial court determined:

A review of this file indicates that every judge of the district court with whom plaintiff had contact during the course of this litigation bent over backwards to be fair to this pro se plaintiff. The plaintiff was given his day in court. During the course of the trial, the court required plaintiff to observe the rules of practice but treated the plaintiff with courtesy and respect. The plaintiff lost his case not because he is a poor citizen unrepresented by counsel in a case against a corporate defendant represented by a licensed practicing attorney. Rather, plaintiff lost this case because his claim is not supported by either the facts or the law.

We have examined the record and agree with the trial court's assessment. Plaintiff should also be aware his brief and appendix failed to comply with the Iowa Rules of Appellate Procedure in numerous respects. These violations have made review by this court more difficult and obviously have put an additional burden on adverse counsel. Despite the fact plaintiff's issues made little sense, adverse counsel courteously sought to rephrase them and address them to give plaintiff the opportunity to have them considered by this court.

A lay person who fails to utilize professional assistance should be ready to take the consequences. *State v. Walker,* 236 N.W.2d 292, 295 (Iowa 1975). We cannot permit substantial departures from statutory appellate procedures on the basis a lay person is handling his own appeal. The legislature made no such exception in Iowa R.App.P. 3. The ultimate result of that policy would be a chaotic breakdown in our judicial system. *State v. Dunham,* 232 N.W.2d 475, 477 (Iowa 1975).

We also note defendant Brenton National Bank's brief is printed on only one side of the paper. Iowa R.App.P. 16 provides in relevant part that briefs shall be printed or duplicated on both sides of the sheet. The costs of printing appellee's brief are taxed to the appellee. The balance of the costs on appeal are taxed to plaintiff.

APPEALS DISMISSED.