Steve Y. DAVIS, Plaintiff–Appellant,

v.

IOWA DEPARTMENT OF CORRECTIONS, Defendant–Appellee.

No. 88–343.

Court of Appeals of Iowa.

Dec. 22, 1988.

Robert N. Johnson III of Saunders, Humphrey, Johnson & Hoyer, Fort Madison, for plaintiff-appellant.

Thomas J. Miller, Atty. Gen., and Suzie A. Berregaard, Asst. Atty. Gen., for defendant-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

SCHLEGEL, Judge.

Plaintiff, Steve Y. Davis, appeals the dismissal of his action under Iowa Code chapter 601A. Davis brought this action under the provisions of chapter 601A, alleging that the defendant, Iowa Department of Corrections (Department), violated the provisions of Iowa Code section 601A.6 (1985), by discharging him because of his national origin. On appeal, Davis claims that: (1) the trial court erred in failing to give him assistance at trial after offering to do so when he was forced to appear pro se; and (2) the court abused its discretion in failing to order a continuance.

Davis was an Iranian National living in the United States pursuant to a "Green Card" which permits him to remain in this country indefinitely, pending further processing. Davis was educated in the United States and obtained a Ph.D. in Library Science. He was employed with the defendant Department as a librarian at the penitentiary in Fort Madison. He began work in May of 1982. On August 2, 1984, Davis was terminated from his employment as a result of reports that he had been asleep on the job.

By final decision dated December 14, 1984, the Iowa Merit Employment Commission found the Department had failed to sustain its burden of proving that Davis slept on the job, and ordered the termination expunged and Davis returned to his employment with all pay and benefits from the time of his termination. Under this order, Davis returned to work as librarian of the prison library, and continued to be so employed as of the time of trial on this matter.

The present action was filed on November 18, 1984. On September 17, 1984, Davis filed a discrimination charge with the Iowa Civil Rights Commission and received an administrative release or Right to Sue letter from the Iowa Civil Rights Commission. In his petition, Davis alleged that the Department engaged in unfair employment practices under Iowa Code section 601A.6 (1985), in that the Department terminated him because of his national origin. He further alleged that since his return to employment, the Department harasses and watches him in such a manner as to indicate that the Department intends to use any additional excuse to again terminate Davis. He claims that all of this is because of his national origin. He seeks damages for his injuries, interest, attorney's fees and costs.

On August 18, 1987, this matter proceeded to trial. Immediately before trial, Davis's lawyer sought permission to withdraw as Davis's counsel. Following a discussion in which Davis expressed his desire that his lawyer be permitted to withdraw, the trial judge advised Davis that since he wished this case to be tried, and since he would no longer have a lawyer to represent him in the case, Davis would be required to proceed pro se. Davis agreed and the trial proceeded.

The trial court found that Davis had failed to sustain his burden of proof, and dismissed the case. Davis has appealed from that ruling. We affirm.

In this law action, our scope of review is for the correction of errors at law. Iowa R.App.P. 4. Findings of fact in a law action are binding upon us, if they are supported by substantial evidence. Iowa R.App.P. 14(f)(1).

Davis does not contend that the record in this case does not support the findings of the trial court. He claims that the court

failed to conduct the trial in such a manner as to afford him a fair trial, and that the court erred in failing to order a continuance *sua sponte* after plaintiff's counsel withdrew from the case and it became apparent plaintiff was unable to represent himself.

Davis acknowledges, correctly, that the conduct of a trial is largely in the discretion of the trial court and that the exercise of that discretion is not reviewable on appeal. However, abuse of discretion is reviewable. *Best v. Yerkes*, 247 Iowa 800, 77 N.W.2d 23, 30–32 (1956). It is his claim that the trial court abused its discretion in both failing to provide sufficient help for him during his pro se representation and in failing to *sua sponte* declare a continuance.

■ An abuse of discretion is found only when discretion is exercised on grounds clearly unreasonable, *Sheer Construction, Inc. v. W. Hodgman and Sons, Inc.*, 326 N.W.2d 328, 334 (Iowa 1982), or clearly untenable. *Hubby v. State of Iowa*, 331 N.W.2d 690, 697 (Iowa 1983).

During the discussion of the withdrawal of Davis's attorney, the following exchange took place between Davis and the court:

Davis: Awhile ago you told me that you didn't permit my lawyer to withdraw. I wish you did, Your Honor. I paid money to hire a lawyer to defend me and, unfortunately, I bought an enemy for myself and he misrepresent me, and I don't know what he is present or my payment is for. . . .

The Court: All right. Now, I am receiving from you the very distinct message that you believe that I should permit Mr. Waples to withdraw. Is that correct?

Davis: Exactly.

The Court: All right. That leads me to the next comments which I would like to make. The case has been set for today. It is my understanding that in the past you have been somewhat concerned about the fact that your case was not scheduled for trial. As a result of some inquiries which were made, as a result of some mistakes which were made on the part of the Court Administrator's office, your case was not assigned, not set as it should have been, and I understand that perhaps you have been upset about that. And the reason that I mention that is because the case is assigned for trial today. The State has proceeded to secure their [sic] witnesses, and if I permit Mr. Waples to withdraw, in all probability you are going to have to proceed to represent yourself. Do you understand that?

Davis: I understand. I fully understand. I would like—even English is not my own language I hope the Court and Your Honor will understand that. I try to do my best to represent myself.

The Court: Are you prepared to proceed?

Davis: I am very prepared for it to proceed.

Following a short recess during which settlement was apparently pursued, the following exchange took place:

The Court: Would I be correct in assuming that there was no agreement reached?

Counsel for the Defense: Yes, Your Honor.

The Court: Is that correct?

Davis: Yes, Your Honor.

The Court: All right. And I think you told me, Mr. Davis, that you are prepared to proceed without a lawyer?

Davis: Yes, I am.

The Court: All right. I'm going to sustain Mr. Waples' application to withdraw as your attorney. . . .

I have read the file, familiarized myself with your claims, Mr. Davis. I would assume that in all probability I will participate more in this trial than I usually do, unless you are familiar with the procedure.

Davis: I am not familiar, Your Honor. I appreciate your help.

Davis complains that the court, after indicating that it would undoubtedly participate more in the trial than usual, didn't offer the assistance he needed to represent himself effectively. He complains that he was somehow denied the right of cross-examination, and that the process of cross-examination was not adequately explained to

him. The court allowed Davis to testify freely, in a narrative fashion. Counsel for the defendant did not interfere with this testimony, except to object upon several occasions. In each instance, the liberal stance adopted by the court in the conduct of the trial resulted in the objection being overruled. At the conclusion of Davis's narrative testimony in chief, the court stated:

Now, Doctor Davis, Ms. Coats is going to ask you some questions, and when she is through, then I'll give you an opportunity to clear up any point that you want to make as a result of her questions. So you might want to make a note or two as you go along.

At the conclusion of Davis's cross-examination by counsel for the defendant, the court once again stated:

Now, Doctor, you have an opportunity at this time to testify and make any explanation of any of the answers that you gave in response to Ms. Coats' questions. If there's anything you made a note of or want to add at this time, you may proceed to do so.

In fact, Davis did offer an additional exhibit, and indicated that he had nothing else to offer by way of explanation. The court explained that Davis could call other witnesses, and he stated that he had no other witnesses. He rested his case, and the defendant proceeded to present its case.

At the conclusion of the direct examination of each of the defendant's witnesses, the court invited Davis to cross-examine that witness. Except to state that listening to the witness did not mean that he necessarily agreed with him, Davis declined cross-examination. At the conclusion of all the testimony, after being asked by the court if he had any further testimony by "what we call rebuttal," and following the court's question: "Do you have any witness you want to call to rebut anything or to set off anything which the defendant might have presented," Davis stated:

Davis: No your Honor. I don't have any other witnesses. One of my witnesses moved from this town—he went to Des Moines—and one of my witnesses passed

away during this time that this pending two years on my case. The only thing that I do have and I presented with no legal training. This was the evidence that I had. I presented it. It is on the paper.

■ We find that the trial court did not abuse its discretion in failing to provide Davis with a higher degree of assistance in the trial of his case, and we also find that it was not an abuse of discretion, in view of Davis's insistence that he was ready to proceed, to fail to order a continuance *sua sponte*, for the purpose of allowing Davis to obtain substitute counsel.

The court rendered assistance to Davis that went beyond the usual participation of a trial judge in many ways. Davis was given the opportunity to present his case, and his reasons for feeling the way he did, without the need to adhere to the strict rules of evidence. The trial court advised him of the possibility that he might want to clarify anything resulting from the cross-examination of his own testimony, and reminded him, at each occasion where it was appropriate, that he could cross-examine defendant's witnesses. Davis disagreed with the testimony of the defendant's witnesses, and the court acknowledged its understanding of that disagreement. The trial resulted in testimony that was in conflict and which would have been in conflict in spite of any cross-examination that Davis might have offered.

A lay person who fails to utilize professional assistance should be ready to take the consequences. *Simmons v. Brenton Nat. Bank of Perry*, 390 N.W.2d 143, 145 (Iowa App.1986); *State v. Walker*, 236 N.W.2d 292, 295 (Iowa 1975).

Having fully reviewed the record in this case, and having found that the findings of the trial court are supported by substantial evidence, its ruling is affirmed.

AFFIRMED.