**UNITED FOOD AND COMMERCIAL WORKERS LOCAL P–31, An Employee Organization, and Rod Strait, Plaintiffs–Appellees,**

v.

**CITY OF FORT DODGE, A Municipal Corporation, A Public Employer, Defendant–Appellant.**

No. 93–1093.

Court of Appeals of Iowa.

April 26, 1994.

Maurice C. Breen, City Atty., Fort Dodge, for appellant.

MacDonald Smith of Smith & Smith, Sioux City, for appellees.

Heard by DONIELSON, P.J., SACKETT, J., and CRITELLI, S.J.*, but decided by DONIELSON, C.J., HAYDEN, SACKETT, HABHAB, and HUITINK, JJ. CADY, J., takes no part.

SACKETT, Judge.

Defendant-appellant City of Fort Dodge appeals from the district court ruling finding it could not deduct money from plaintiff-appellee Rod Strait's current wages to recoup the amount previously overpaid that employee. We determine we do not have jurisdiction and dismiss.

Strait is employed by the City of Fort Dodge as a police officer. Plaintiff-appellee United Food and Commercial Workers Local P–31 is the collective bargaining representative for Strait's bargaining unit.

Plaintiffs filed a petition seeking recovery of wages allegedly improperly withheld and to preclude further withholding. The matter was tried on stipulated facts. Strait did not cause or contribute to the error made in the City's payroll department.

The issues presented to the district court were (1) whether the City was entitled to recoup or recover the overpayment of wages and (2) whether the City could properly deduct from Strait's pay $50 biweekly under the provisions of Iowa Code Chapter 91A. The trial court ordered the City to (1) cease the deduction from Strait's pay and (2) reimburse Strait the amount deducted from his wages.

The total amount of the alleged overpayment is $1938.

We must first determine whether we have jurisdiction to decide this appeal.[1] Iowa R.App.P. 3 provides:

> Except where the action involves an interest in real estate, no appeal shall be taken

---

* Senior judge from the 5th Judicial District serving on this court by order of the Iowa Supreme Court.

1. The issue was first raised at oral argument when we questioned the attorneys about our jurisdiction and gave the attorneys seven days to file supplemental briefs addressing the jurisdictional issue. Plaintiffs filed a brief arguing we do not have jurisdiction.

in any case, not originally tried as a small claim, where the amount in controversy, as shown by pleadings, is less than five thousand dollars unless the supreme court or a justice thereof certifies that the cause is one in which appeal should be allowed. An application to certify an appeal shall comply with Iowa Rules of Appellate Procedure 16(b), be filed with the clerk of the supreme court and served pursuant to Iowa Rules of Appellate Procedure 30, and, unless otherwise ordered by the supreme court or a justice or the clerk thereof, may be resisted and will be ruled upon pursuant to Iowa Rules of Appellate Procedure 22(c) and (d). The right of appeal is not affected by any remission of any part of the verdict or judgment. An action originally tried as a small claim may be reviewed by the supreme court only as provided in Iowa Code section 631.16 and Iowa Rules of Appellate Procedure 201 to 203.

■ We have no jurisdiction to entertain an appeal if the amount in controversy is less than $5000 unless the Iowa Supreme Court or a justice thereof certifies the cause is one in which appeal should be allowed. Iowa R.App.P. 3; *Ackerman v. International Business Machs. Corp.*, 337 N.W.2d 486, 488–89 (Iowa 1983); *Simmons v. Brenton Nat'l Bank*, 390 N.W.2d 143, 144 (Iowa App. 1986). The test for determining the existence of the requisite amount in controversy under Iowa Rule of Appellate Procedure 3 is whether the trial court could have entered judgment against any party for that amount. *Ackerman*, 337 N.W.2d at 488; *Simmons*, 390 N.W.2d at 144–45. The court may resort to the pleadings to resolve the issue. *Id.* In the instant case, there is no order by the supreme court or a justice thereof certifying this cause as one in which appeal should be allowed. The relief plaintiffs sought was only to prevent the City from withholding wages of $1938. The appellant City admits the amount of wage overpayment in controversy is $1938 but contends the amount in controversy could have exceeded $5000 because the trial court could have entered damages against the City under Iowa Code section 91A.8, which provides:

When it has been shown that an employer has intentionally failed to pay an employee wages or reimburse expenses pursuant to section 91A.3, whether as the result of a wage dispute or otherwise, the employer shall be liable to the employee for any wages or expenses that are so intentionally failed to be paid or reimbursed, plus liquidated damages, court costs and any attorney's fees incurred in recovering the unpaid wages and determined to have been usual and necessary. In other instances the employer shall be liable only for unpaid wages or expenses, court costs and usual and necessary attorney's fees incurred in recovering the unpaid wages or expenses.

■ Strait did not seek additional damages under section 91A.8. The trial court was limited to deciding the issues raised in the pleading. *See Montgomery Ward, Inc. v. Davis*, 398 N.W.2d 869, 870 (Iowa 1987); *Northwest Bank and Trust Co. v. Gutshall*, 274 N.W.2d 713, 717 (Iowa 1979).

We will not consider an element of damages not sought in the trial court in assessing whether a controversy on appeal is $5000.

■ The City contends if the $5000 threshold was not met, we should look to Iowa Rule of Appellate Procedure 304 and treat the appeal as a petition for writ of certiorari. Iowa Rule of Appellate Procedure 304 provides:

If any case is brought by appeal, certiorari, or discretionary review, and the appellate court is of the opinion that another of these remedies was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been sought. Any one of the foregoing remedies may under this rule be treated by the appellate court as the one it deems appropriate.

Nothing in this rule shall operate to extend the time within which an appeal may be taken.

Appeal was the proper remedy. Permitting the City to obtain review by certiorari would circumvent the purpose of Iowa Rule of Appellate Procedure 3.

We determine, therefore, we are without jurisdiction to entertain the appeal of plaintiffs.

**APPEAL DISMISSED.**