Merle J. KIRKPATRICK ESTATE, Plaintiff–Appellee,

v.

Darrel HENNINGS, Defendant–Appellant.

No. 93–1133.

Court of Appeals of Iowa.

Sept. 16, 1994.

As Corrected Oct. 6, 1994.

Randall G. Sease, Hartley, for appellant.

William K. Klinker of Smith, Grigg, Shea & Klinker, P.C., Primghar, for appellee.

Considered by HAYDEN, P.J., and SACKETT and CADY, JJ.

SACKETT, Judge.

Plaintiff-appellee Merle J. Kirkpatrick Estate sought interest from defendant-appellant Darrel Hennings for the period defendant was in possession under a real estate contract and plaintiff was unable to make merchantable title. The trial court on summary judgment ordered the interest paid. We dismiss the appeal for lack of jurisdiction.

On March 31, 1992, plaintiff contracted to sell the defendant an eighty-acre tract of farmland in O'Brien County, Iowa, for $133,-840. A written contract was executed on the short form real estate contract printed and distributed by the Iowa State Bar Association. The contract provided for a down payment of $26,768, which payment defendant made on signing the contract. Defendant was given possession of the real estate. The contract provided the balance of the purchase price was due "on or before July 1, 1992, or upon presentation of marketable title." Plaintiff, through no fault of its own, was not able to make merchantable title until the fall of 1992. On November 10, 1992, the balance of the principle due on the contract was paid by defendant and he obtained a deed to the premises. At the time of closing, plaintiff sought interest from defendant for the period he was in possession of the real estate. Defendant denied he was responsible for the interest but, as a part of the closing, he acknowledged plaintiff's claim for interest.

After the closing, plaintiff sued defendant in small claims court for $1,731.06 in interest. Defendant filed a counterclaim contending he was forced to pay penalties when he withdrew money from his bank accounts prior to July 1, 1992. Defendant sought damages from plaintiff in the amount of $4322. The case was transferred to district court. Plaintiff then filed a motion for summary judgment. The trial court sustained the motion finding defendant owed plaintiff interest at the rate of five percent for the period of July 1, 1992, to November 10, 1992. The court entered judgment against defendant for the amount of $1,950.05. The trial court also dismissed defendant's counterclaim finding there was no evidence plaintiff's failure to make marketable title was the cause of defendant's early withdrawal of his money.

Defendant has appealed contending plaintiff's motion for summary judgment should not have been sustained.

We must first determine whether we have jurisdiction to hear this appeal. Though not raised by plaintiff, we have no jurisdiction to entertain an appeal if the amount in controversy is less than the jurisdictional amount of Iowa Rule of Appellate Procedure 3. *See Simmons v. Brenton Nat'l Bank,* 390 N.W.2d 143, 144 (Iowa App.1986).

Iowa Rule of Appellate Procedure 3 provides, in pertinent part:

> Except where the action involves an interest in real estate, no appeal shall be taken in any case, not originally tried as a small claim, where the amount in controversy, as shown by the pleadings, is less than five thousand dollars unless the supreme court or a justice thereof certifies that the cause is one in which appeal should be allowed. . . .

Neither the supreme court or a justice thereof has certified this cause as one in which appeal should be allowed.

Our jurisdiction on appeal is dependent on whether the amount in controversy is $5000 or more. *See Electra Ad Sign Co. v. Cedar Rapids Truck Ctr.,* 316 N.W.2d 876, 878 (Iowa 1982). Compliance with rule 3 is jurisdictional. *Ackerman v. International*

*Business Machs. Corp.,* 337 N.W.2d 486, 487 (Iowa 1983). The test for determining the existence of the requisite amount in controversy under Iowa Rule of Appellate Procedure 3 is whether the trial court could have entered judgment against any party for $5000. *See Simmons,* 390 N.W.2d at 144.

■ Plaintiff sued defendant for $1,731.06. Defendant counterclaimed for $4322. Neither claim sought $5000. Interest recoverable on the amount involved at the time the action is commenced may be included in computing the amount in controversy. *Electra,* 316 N.W.2d at 878. Costs are not to be considered since they are incidental.

■ The court could not have entered judgment against either party for $5000. *Northwest Bank and Trust Co. v. Gutshall,* 274 N.W.2d 713, 716 (Iowa 1979) *overruled in part on other grounds; IPALCO Employees Credit Union v. Culver,* 309 N.W.2d 484, 487 (Iowa 1981). The amount of a plaintiff's claim and the counterclaim cannot be aggregated if neither alone is sufficient to confer jurisdiction. *See Bridal Publications, Inc. v. Richardson,* 229 N.W.2d 771, 774 (Iowa 1975).

The only issue advanced by defendant on appeal is plaintiff should not have recovered on its claim. Defendant does not argue the trial court incorrectly dismissed his counterclaim.

We conclude we do not have jurisdiction to consider this appeal, and it must be dismissed. Costs are assessed to defendant.

**DISMISSED.**